# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MICHELLE STEVENS,

    *Plaintiff,*

vs.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    *Defendant.*

Case No. 12-2574-EFM-GLR

## MEMORANDUM AND ORDER

This case arises out of Defendant Hartford Life and Accident Insurance Company's denial of Plaintiff Michelle Steven's husband's life insurance benefits. Defendant seeks dismissal of Plaintiff's claims. Because ERISA preempts Plaintiff's alleged state law causes of action, Plaintiff fails to state a claim under ERISA, and Plaintiff could not cure her deficient ERISA claim by amending her pleadings, the Court grants Defendant's motion to dismiss.

### I.    Factual and Procedural Background

On August 1, 2012, Plaintiff Michelle Stevens filed a four-page Petition in the District Court of Cherokee County, Kansas. In the Petition, Plaintiff alleges that she was married to Kraig Stevens ("Decedent"), who died on December 6, 2009. The Cherokee County Sheriff's Department allegedly conducted an investigation into Decedent's death and concluded it was

caused by accidental discharge while cleaning a gun. An autopsy conducted by Frontier Forensics indicated Decedent died of a gunshot wound above the left eye and did not indicate the manner of death. The Death Certificate issued by the Kansas Department of Health and Environment states Decedent's cause of death was a gunshot wound to the head, and the manner of death "could not be determined."

Plaintiff asserts that at the time of Decedent's death, he was employed by Via Christi Health and was insured under a Group Accidental Death plan issued by Defendant Hartford Life and Accident Insurance Company. She claims that she submitted a claim to Defendant, as the beneficiary of Decedent's life insurance benefits, which Defendant denied on May 24, 2010, because the manner of Decedent's death "could not be determined."

Plaintiff attached a copy of Defendant's Insurance Policy to her state court Petition, which provides that if a claim is denied, the claimant has sixty days from the receipt of the claim denial to appeal that determination. It also states that, before an action can be filed in court, the claim appeal process must be completed. Plaintiff also attaches a copy of the May 24, 2010 denial letter. This letter states that if Plaintiff disagrees with Defendant's decision, she has the right to appeal the decision by writing to Defendant within sixty days of the date of the letter. The denial letter also provides the specific address for which to send an appeal letter.[1]

Plaintiff alleges that Decedent's death was accidental and requests the face amount of the insurance policy in the amount of $47,704.80. She also requests interest from the date Defendant

---

[1] Both parties reference these two documents, and language within these two documents, when discussing Plaintiff's claim. When deciding a motion to dismiss, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

denied the claim on May 24, 2010, reasonable attorney fees, costs, and other relief that the Court deems equitable.

On August 31, 2012, Defendant removed the case from the District Court of Cherokee County to this Court. In Defendant's Notice of Removal, it asserted that Plaintiff sought to recover Accidental Death Plan benefits from an "employee benefit plan," and thus, her claim arose under the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendant asserted that, because ERISA preempted Plaintiff's state law causes of actions related to her claim for Accidental Death Plan benefits, this Court had subject matter jurisdiction over Plaintiff's claims.

On September 7, 2012, Defendant filed a Motion to Dismiss for Failure to State a Claim (Doc. 5). Defendant asserts that the Court should dismiss Plaintiff's claims because (1) Plaintiff attempts to assert only state law claims and ERISA preempts all such state law claims, (2) Plaintiff fails to allege that any determination by Defendant was arbitrary and capricious, (3) Plaintiff fails to allege that she exhausted her administrative remedies and indeed did not do so, and (4) the time for Plaintiff to exhaust her administrative remedies expired long ago. Thus, Defendant contends that Plaintiff's Petition should be dismissed with prejudice.

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[2] "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this

---
[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

plaintiff has a reasonable likelihood of mustering factual support for these claims."[3] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[4] In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[5] All well-pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[6] Allegations that merely state legal conclusions, however, need not be accepted as true.[7]

### III. Analysis

*A. Plaintiff's Claims are Preempted by ERISA*

Defendant first argues that the Court should dismiss Plaintiff's claims because she only attempts to assert state law claims, and ERISA preempts all such state law claims. Plaintiff does not specifically address this assertion but instead argues that if the Court finds that her state law claims are preempted by ERISA, she requests leave to amend her Petition to adequately state a claim under ERISA.[8]

---

[3] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[4] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[5] *Iqbal*, 556 U.S. at 678.

[6] *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[7] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] Plaintiff does not specifically address her state law claims or attempt to distinguish them from an ERISA cause of action. The Court notes that it is unclear what state law claims Plaintiff actually asserts in her Petition. There are no identified causes of actions listed in her Petition as Plaintiff only includes factual allegations (entitled "Plaintiff's Factual Contentions and Legal Theories.") In these allegations, she simply states that there is evidence that her husband's death was accidental, and Defendant denied her claim for benefits. She then asserts in her prayer for relief that she is entitled to the face amount of the insurance policy.

ERISA contains a comprehensive remedial scheme in its civil enforcement provision, 29 U.S.C. § 1132(a).[9] "[T]he ERISA civil enforcement mechanism is [a provision] with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' "[10] "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."[11]

ERISA § 502(a)(1)(B) provides that "[a] civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."[12] "This provision is relatively straightforward. If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits."[13]

In this case, Plaintiff is the beneficiary of Decedent's life insurance benefits. She alleges that Defendant erroneously denied her claim for Decedent's life insurance benefits because Decedent's death was accidental. Plaintiff seeks to recover the benefits of the policy as she seeks the face amount of the life insurance policy. Thus, her cause of action falls within § 502(a)(1)(b). Accordingly, her state law cause of action is completely preempted by ERISA, but

---

[9] *David P. Coldesina, D.D.S. v. Estate of Simper*, 407 F.3d 1126, 1137 (10th Cir. 2005) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004)).

[10] *Davila*, 542 U.S. at 209 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)).

[11] *Id.*

[12] 29 U.S.C. § 1132(a)(1)(B).

[13] *Davila*, 542 U.S. at 210.

instead of dismissal, it may be recharacterized as an ERISA claim.[14] Plaintiff's claim is subject to dismissal if the allegations do not adequately state a claim under ERISA.

      B. *Plaintiff fails to state a claim under ERISA, and an amendment would be futile.*

Defendant next argues that Plaintiff's Petition fails to state a claim under ERISA because Plaintiff fails to allege that Defendant's denial of her claim was arbitrary and capricious. Defendant also asserts that Plaintiff fails to allege that she exhausted her administrative remedies. Finally, Defendant contends that Plaintiff did not exhaust her administrative remedies because she failed to file an administrative appeal within sixty days of Defendant's May 24, 2010, denial letter.[15] Because the failure to file an administrative appeal and exhaust her administrative remedies expired long ago, Defendant contends that Plaintiff's Petition should be dismissed with prejudice.

Plaintiff does not address Defendant's first contention and apparently concedes that she did not allege this fact. With respect to Defendant's second contention, Plaintiff implicitly agrees that she did not allege that she exhausted her administrative remedies. Plaintiff instead argues that the Court should allow her to amend her Petition to state a claim under ERISA by alleging that she *attempted* to exhaust her administrative remedies.

Plaintiff claims that she approached the policy's Plan Administrator Human Resources representative at Via Christi Health System and asked for assistance. The Human Resources

---

[14] *See Rutherford v. Reliance Standard Life Ins. Co.*, 2010 WL 4942128, *3 (D. Kan. Nov. 30, 2010) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. at 63-67; *Carling v. Metropolitan Life Ins. Co.*, 935 F.2d 1114, 1119 (10th Cir. 1991)).

[15] The Court notes that this factual contention is outside the Petition as there are no facts addressing the exhaustion of administrative remedies in the Petition. Plaintiff, however, addresses the contention in her response when she asserts that the Court should allow her leave to amend her complaint to allege facts with respect to the exhaustion of administrative remedies. Thus, the Court must consider whether Plaintiff alleges sufficient facts to allow an amendment to the Petition and allow her claim to go forward.

representative apparently wrote the Cherokee County Coroner on June 9, 2010, requesting that he amend the Death Certificate. Plaintiff asserts that it was her belief that the Plan Administrator was completing the appeal process on her behalf, but apparently the Plan Administrator did not complete any follow up with Defendant within the sixty days required by the policy.[16] Thus, she contends that she did attempt to exhaust the administrative remedies before filing suit.

Before suing for benefits under an ERISA plan, a plaintiff must first exhaust her administrative remedies.[17] In this case, Plaintiff admits that she did not exhaust her administrative remedies because she failed to file an administrative appeal. Thus, Plaintiff fails to state a claim under ERISA.

"[U]nder Fed. R. Civ. P. 15(a), leave to amend shall be given freely, although the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[18] Attempting to exhaust administrative remedies is not akin to actually exhausting administrative remedies. Defendant's May 24, 2010, denial letter clearly states that an appeal must be filed within sixty days and directs Plaintiff to send an appeal letter to a specific address. Plaintiff does not contend that she, or any alleged representative, performed this action. Instead, she asserts that her alleged representative sent a letter to the coroner. And she concedes that her alleged representative did not timely complete any follow up within the sixty days provided by Defendant's policy. Thus,

---

[16] Plaintiff did not attach a proposed Amended Complaint, and all of these allegations are contained in her response to Defendant's Motion to Dismiss.

[17] *See McGraw v. Prudential Ins. Co. of America*, 137 F.3d 1253, 1263 (10th Cir. 1998). Although a district court may waive the exhaustion requirement, it is generally only done when "resort to administrative remedies would be futile" or "when the remedy provided is inadequate." *Id.* Plaintiff does not assert that the Court should waive the exhaustion requirement on either of these two bases. In addition, Plaintiff does not argue that she would file an administrative appeal.

[18] *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) (quotation marks and citation omitted).

Plaintiff's amendment would be futile because she would still fail to state a claim under ERISA because she cannot allege that she exhausted her administrative remedies. Accordingly, it is appropriate to dismiss Plaintiff's petition with prejudice.[19]

**IT IS ACCORDINGLY ORDERED** this 2nd day of April, 2013, that Defendant's Motion to Dismiss (Doc. 5) is hereby **GRANTED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[19] *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (citing *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1116 (10th Cir. 1997) ("A dismissal with prejudice is appropriate when a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile."). *See also Gayle v. United Parcel Service, Inc.*, 401 F.3d 222, 230 (4th Cir. 2005) (citations omitted) ("But since the pursuit and exhaustion of internal Plan remedies is an essential prerequisite to judicial review of an ERISA claim for denial of benefits, and since this is impossible here, [Plaintiff's] claims are barred. In such situations dismissal with prejudice is required.").